FILED

07/05/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0712

DA 15-0712

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 161N

GERALD CARRICO,

        Petitioner and Appellant,

   v.

MONTANA BOARD OF PUBLIC ASSISTANCE,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-15-489
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Gerald F. Carrico, Self-Represented, Missoula, Montana

      For Appellee:

        Barbara Banchero, Special Assistant Attorney General, Department of
Public Health and Human Services, Helena, Montana

Submitted on Briefs:  June 1, 2016

Decided:  July 5, 2016

Filed:

                              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Gerald Carrico appeals an order of the Fourth Judicial District Court, Missoula County, affirming a decision of the Montana Department of Public Health and Human Services (Department) to reduce his Supplemental Nutrition Assistance Program (SNAP) benefits.[1] We address: (1) Whether the Department's reduction of Carrico's SNAP benefits is an improper adverse action against Carrico; (2) Whether the Department violated Carrico's constitutional rights; (3) Whether the Department discriminated against Carrico due to his age or disability; and (4) Whether the Department violated Carrico's statutory rights. We affirm.

¶3    In October 2014, Carrico filed a SNAP Simplified Report, which provides the Department with information regarding a SNAP participant's income and household composition. Carrico's report indicated that, in addition to his regular Social Security benefits, he was also receiving payments from the Veterans Administration (VA). The Department recalculated Carrico's SNAP benefits, counting the VA payments as

---

[1] Prior to 2008, SNAP was called the Food Stamp Program. *See* Food Conservation and Energy Act of 2008, Pub. L. No. 110-246, § 4001(b), 122 Stat. 923, 1092 (2008).

additional income. The Department then notified Carrico that his SNAP benefits would decrease from $329 to $234 per month beginning in December 2014.

¶4 Carrico requested a hearing to contest his SNAP benefits reduction. An administrative law judge (ALJ) conducted the hearing, in which Carrico participated. The ALJ then issued a proposed decision upholding the Department's action. Carrico requested review of the ALJ's proposed decision by the Board of Public Assistance (Board), at which time the ALJ discovered that the electronic recording of the hearing had been erased. The ALJ therefore conducted a second recorded hearing on February 13, 2015, in which Carrico again participated. After the second hearing, the ALJ issued an order adopting its previous proposed decision. Carrico again appealed to the Board, which adopted the ALJ's proposed decision. Accordingly, the ALJ's proposed decision became the Department's final decision. Carrico petitioned the District Court for judicial review of the Department's decision. The District Court issued an order affirming the Department's reduction of Carrico's SNAP benefits. Carrico appeals the District Court's order.

¶5 "We review a district court's decision on judicial review of an agency decision to determine whether the findings of fact are clearly erroneous and whether the conclusions of law are correct." *Bailey v. Mont. Dep't of Pub. Health & Human Servs.*, 2015 MT 37, ¶ 6, 378 Mont. 162, 343 P.3d 170.

¶6 Section 53-2-901(1), MCA, requires the Department to administer SNAP "in compliance with all federal laws and requirements." Under federal law, SNAP benefit amounts are determined by calculating the total household income, deducting certain

3

allowable expenses such as shelter and medical costs, and taking into account other factors such as the number of members in the household. 7 CFR § 273.10(e). A participant's SNAP benefits will decrease if his income increases and deductions and other factors remain the same. *See* 7 CFR § 273.10(e). Under the Department's administrative rules, "[a] claimant who is aggrieved by an adverse action of the [D]epartment will be afforded the opportunity for a hearing." Admin. R. M. 37.5.307(1). Relevant to this proceeding, an adverse action occurs when the Department reduces a claimant's benefits. Admin. R. M. 37.5.304(1)(c). A reduction in SNAP benefits is considered an adverse action but is not prohibited under SNAP regulations or Montana law, provided the claimant has the opportunity for a hearing. *See* Admin. R. M. 37.5.307(1).

¶7 Carrico contends that the erasure of the recording of his first hearing violated Admin. R. M. 37.5.337(1), his First Amendment right to petition the government for grievances, and his Fourteenth Amendment due process rights. Under Admin. R. M. 37.5.337(1), when a claimant appeals his benefit reduction, the record, including a verbatim transcript of the hearing, shall be made available to him. The District Court concluded that, though the recording of the first hearing was not available to Carrico, this error was remedied when the ALJ vacated his decision and held a second hearing in which Carrico participated. "This Court's adherence to the harmless error doctrine requires that '[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.'" *Williams v. Bd. of Cnty. Comm'rs*, 2013 MT 243, ¶ 35, 371 Mont. 356, 308 P.3d 88 (quoting M. R. Civ. P. 61)

4

(changes in original). Carrico has not shown that the ALJ's decision to hold a second hearing and disregard the first affected his substantial rights. Nor has he explained how his right to petition the government for his grievance was affected. Carrico participated in both hearings and was given ample opportunity during the second to explain why he disagreed with the Department's action.

¶8 Further, although Carrico appears to allege that the erasure was malicious or purposeful, he cites no record evidence to support these allegations. Similarly, Carrico does not cite any authority to support his contention that adverse actions are prohibited by the Constitution. Therefore, we will not consider these arguments. *See* M. R. App. P. 12(1)(d) (requiring appellants to cite the portions of the record at which material facts appear); M. R. App. P. 12(1)(g) (requiring appellants to cite the authorities relied on). The District Court correctly found that the erasure of the first hearing's recording was harmless error, and that the Department's reduction of Carrico's SNAP benefits was not an improper adverse action.

¶9 Carrico also contends that the Department discriminated against him based on his age, disability, and status as a person receiving federal financial assistance, in violation of the "Security in Retirement Act"[2] and Section 504 of the Rehabilitation Act of 1973. Carrico does not allege that the Department failed to follow federal regulations implementing SNAP or that he was treated differently from any other SNAP participant.

---

[2] The Department points out that the "Security in Retirement Act" does not exist and suggests Carrico is actually referring to the Employee Retirement Income Security Act (ERISA). For our analysis, it does not matter to which Act Carrico refers because he does not allege facts supporting a discrimination claim.

Pursuant to 7 CFR § 273.9(b)(2)(ii), household income includes veteran's benefits. Carrico does not dispute that his income increased by a specific amount due to his VA benefit or that the calculations resulting in the reduction of his SNAP benefits were incorrect.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct and its findings of fact are not clearly erroneous. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON